Anthony J. Costantini
John Dellaportas
Brian Damiano
1540 Broadway
New York, New York 10036
(212) 692-1000
*Attorneys for Plaintiff Drew Scientific, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DREW SCIENTIFIC, INC.,                  :      08 CV 1490 (AKH)
                                        :
                Plaintiff,              :      **PLAINTIFF'S REPLY**
                                        :      **TO DEFENDANT'S**
        -v-                             :      **COUNTERCLAIMS**
                                        :
POINTCARE TECHNOLOGIES, INC.,           :
                                        :
                Defendant.              :
-----------------------------------------------------------x

Plaintiff Drew Scientific, Inc. ("Drew"), by and through its attorneys, Duane Morris LLP, as and for its reply to the counterclaims asserted in the Answer, Counterclaims and Jury Trial Demand of defendant PointCare Technologies, Inc. ("PointCare") dated March 14, 2008 (the "Answer and Counterclaims"), states as follows:

### AS TO DEFENDANT'S FACTS COMMON TO ALL COUNTERCLAIMS

1. On information and belief, Drew admits the first sentence of this paragraph. With respect to the remaining sentences, Drew denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Answer and Counterclaims, and therefore denies the same.

2. Drew admits the allegations contained in paragraph 2 of the Answer and Counterclaims.

3. Drew denies that the Agreement became fully effective until, at the earliest,

May 7, 2007, when PointCare finally delivered documents integral to the Agreement. Drew admits that the Agreement was signed by both parties on or about June 5, 2006.

4. Drew admits the allegations contained in paragraph 4 of the Answer and Counterclaims, and avers further that PointCare mutually agreed to modify its CD4SURE so that it would accommodate the Drew hematology platform.

5. Drew admits the allegations contained in paragraph 5 of the Answer and Counterclaims, and avers further that it was to manufacture these platforms pursuant to PointCare's instructions.

6. Drew refers to § 1.3.2 of the Agreement and incorporates it herein by reference.

7. Drew denies the allegations contained in paragraph 7 of the Answer and Counterclaims, but admits it was responsible for certain expenses.

8. Drew denies the allegations contained in paragraph 8 of the Answer and Counterclaims, and avers that it never agreed to the "timeline" referred to, which set forth guidelines, not requirements, for both Drew and PointCare with respect to the development of the HT machine.

9. Drew denies the allegations contained in paragraph 9 of the Answer and Counterclaims, and avers that it never agreed to the "timeline" referred to, which set forth guidelines, not requirements, for both Drew and PointCare with respect to the development of the HT machine. Drew further avers that Defendant's conduct contributed in part or in full to any need to make modifications to the HT development "timeline", and that such conduct as alleged in the Complaint is incorporated herein by reference. Drew further avers that PointCare did not adhere to the "timeline" applicable to it.

10. Drew refers to the "timeline" and incorporates it by reference.

11. Drew denies the allegations contained in paragraph 11 of the Answer and Counterclaims. Drew further avers that Defendant's conduct contributed in part or in full to any need to make modifications to the HT development "timeline", and that such conduct as alleged in the Complaint is incorporated herein by reference. Drew further avers that PointCare did not adhere to the "timeline" applicable to it. Drew also avers that the "timeline" did not establish "deadlines", and was never agreed to by Drew.

12. Drew admits the allegations contained in the first two sentences of paragraph 12 of the Answer and Counterclaims, and avers that the specifications were initialed by Drew's President. Drew denies the allegations of the third sentence except to aver that Annex 1 sets forth specifications and performance parameters of the jointly-developed HT instrument.

13. Drew denies the allegations contained in paragraph 13 of the Answer and Counterclaims. Drew further avers that the obligations of both parties on this mutual development are set forth in Annex 1.

14. Drew denies the allegations contained in paragraph 14 of the Answer and Counterclaims. Drew further avers that Defendant's conduct contributed in part or in full to any need to make modifications to the HT development "timeline", and that such conduct as alleged in the Complaint is incorporated herein by reference. Drew further avers that PointCare did not adhere to the "timeline" applicable to it. Drew also avers that the "timeline" did not establish "deadlines", and was never agreed to by Drew.

15. Drew admits the allegations contained in paragraph 15 of the Answer and Counterclaims.

16. Drew admits the allegations contained in paragraph 16 of the Answer and Counterclaims.

17. Drew admits the allegations contained in paragraph 17 of the Answer and Counterclaims, except denies the allegation in the last sentence thereof that "PointCare met this obligation."

18. Drew admits the allegations contained in paragraph 18 of the Answer and Counterclaims.

19. Drew admits the allegations contained in paragraph 19 of the Answer and Counterclaims, and avers that under the Agreement, PointCare was required to provide Drew with some of the information referenced in Annex 2 by June 30, 2006. Drew further avers that PointCare did not furnish such information until May 7, 2007.

20. Drew admits the allegations contained in paragraph 20 of the Answer and Counterclaims.

21. Drew denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Answer and Counterclaims, and avers that PointCare illicitly used Drew's proprietary information in connection with seeking FDA approval for the NP instrumentation platform. Such conduct as alleged in the Complaint is incorporated herein by reference.

22. Drew refers to § 1.1 of the Agreement and incorporates it herein by reference.

23. Drew denies the allegations contained in paragraph 23 of the Answer and Counterclaims. Drew further avers that Defendant's conduct contributed in part or in full to any need to make modifications to the HT development "timeline", and that such conduct as alleged in the Complaint is incorporated herein by reference. Drew further avers that PointCare did not adhere to the "timeline" applicable to it. Drew also avers that the "timeline" did not establish "deadlines", and was never agreed to by Drew.

24. Drew denies the allegations contained in paragraph 24 of the Answer and Counterclaims, except to state that PointCare has intentionally blocked and otherwise impeded Drew's efforts to market the HT machine. Drew further avers that Defendant's conduct contributed in part or in full to any need to make modifications to the HT development "timeline", and that such conduct as alleged in the Complaint is incorporated herein by reference. Drew further avers that PointCare did not adhere to the "timeline" applicable to it.. Drew also avers that the "timeline" did not establish "deadlines", and was never agreed to by Drew.

25. Drew denies the allegations contained in paragraph 25 of the Answer and Counterclaims.

26. Drew admits the allegations contained in paragraph 26 of the Answer and Counterclaims.

27. Drew admits the allegations contained in paragraph 27 of the Answer and Counterclaims.

28. Drew admits the allegations contained in paragraph 28 of the Answer and Counterclaims.

29. Drew admits the allegations contained in paragraph 29 of the Answer and Counterclaims.

30. Drew denies the allegations contained in paragraph 30 of the Answer and Counterclaims.

31. Drew denies the allegations contained in paragraph 31 of the Answer and Counterclaims, except to admit that some preliminary results were reported to Drew in November 2006.

32. Drew denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 32 of the Answer and Counterclaims, and therefore denies the same. Drew further avers that PointCare blocked and impeded the development of the HT machine.

33. Drew denies the allegations contained in the first sentence of paragraph 33 of the Answer and Counterclaims, and denies knowledge and information as to the truth of the second sentence and, on that basis, denies it.

34. Drew admits the allegations contained in the first sentence of paragraph 34 of the Answer and Counterclaims. Drew denies the allegations contained in the second sentence of paragraph 34 of the Answer and Counterclaims. Drew further avers that PointCare illicitly used Drew's proprietary information in connection with seeking FDA approval for the NP instrumentation platform. Such conduct as alleged in the Complaint is incorporated herein by reference.

35. Drew admits the allegations contained in paragraph 35 of the Answer and Counterclaims, and avers further that the pre-prototype was developed based upon PointCare's instructions.

36. Drew admits the allegations contained in paragraph 36 of the Answer and Counterclaims, and avers that this work was to be done pursuant to PointCare's instructions. Drew also avers that Defendant's conduct substantially impeded Drew's ability to meet its responsibilities, and that such conduct as alleged in the Complaint is incorporated herein by reference.

37. Drew admits the allegations contained in paragraph 37 of the Answer and Counterclaims.

38. Drew denies the allegations contained in paragraph 38 of the Answer and

Counterclaims, but avers that the integration of the hardware components was one of many steps to be taken.

39. Drew denies the allegations contained in paragraph 39 of the Answer and Counterclaims.

40. Drew denies the allegations contained in paragraph 40 of the Answer and Counterclaims, except admits that PointCare sent an engineer to Drew's facilities from late January 2007 through March 2007.

41. Drew denies the allegations contained in paragraph 41 of the Answer and Counterclaims, except admits that the joint undertaking was transferred to PointCare's facilities, as was originally envisioned and requested by PointCare's CEO in early 2006.

42. Drew denies the allegations contained in paragraph 42 of the Answer and Counterclaims, except avers that Drew and PointCare jointly experienced difficulties with respect to the integration of the hardware and the assay.

43. Drew denies the allegations contained in paragraph 43 of the Answer and Counterclaims.

44. Drew denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Answer and Counterclaims, and therefore denies the same.

45. Drew denies the allegations contained in paragraph 45 of the Answer and Counterclaims, except avers that Drew and PointCare jointly experienced difficulties with respect to the HT device's fluidic subassembly.

46. Drew denies the allegations contained in paragraph 46 of the Answer and Counterclaims.

47. Drew denies the allegations contained in paragraph 47 of the Answer and Counterclaims, and avers that it had no obligation under the Agreement to provide any "test data" to PointCare prior to PointCare fulfilling its responsibilities under the Agreement.

48. Drew denies the allegations contained in paragraph 48 of the Answer and Counterclaims, except avers that Drew and PointCare jointly experienced difficulties with respect to integrating the hardware and the assay.

49. Drew denies the allegations contained in paragraph 49 of the Answer and Counterclaims.

50. Drew admits the allegations contained in paragraph 50 of the Answer and Counterclaims reflect one of the problems with the optics that was eventually solved. The major problem was that the assay did not work with Drew's optical system in an HT environment.

51. Drew admits the allegations contained in paragraph 51 of the Answer and Counterclaims, but denies that such correction is accurately described as a "short term fix."

52. Drew denies the allegations contained in paragraph 52 of the Answer and Counterclaims, except avers that it accurately identified the precise problem with the optics subassembly, which was that the PointCare assay could not be made to work with the optics subassembly in an HT environment.

53. Drew denies the allegations contained in paragraph 53 of the Answer and Counterclaims.

54. Drew denies the allegations contained in paragraph 54 of the Answer and Counterclaims.

55. Drew denies the allegations contained in paragraph 55 of the Answer and Counterclaims. Drew further avers that under the Agreement, PointCare was required to provide

Drew with the information referenced in Annex 2 by June 30, 2006. Drew further avers that PointCare did not furnish such information until May 7, 2007.

56. Drew admits the allegations contained in the first sentence of paragraph 56 of the Answer and Counterclaims. Drew denies the balance of the allegations contained in paragraph 56 of the Answer and Counterclaims, and avers that Drew provided PointCare with a sales plan.

57. Drew denies the allegations contained in the first sentence of paragraph 57 of the Answer and Counterclaims. Drew denies the allegations contained in the second sentence of paragraph 57 of the Answer and Counterclaims, except avers that Drew and PointCare discussed a possible merger of the two companies in 2007.

58. Drew denies the allegations contained in paragraph 58 of the Answer and Counterclaims.

59. Drew denies the allegations contained in paragraph 59 of the Answer and Counterclaims, except admits that Dr. Krauledat e-mailed Mr. DePiano in September, 2007 with respect to the HT device.

60. Drew denies the allegations contained in paragraph 60 of the Answer and Counterclaims. Drew further avers that Defendant's conduct contributed in part or in full to any need to make modifications to the HT development "timeline", and that such conduct as alleged in the Complaint is incorporated herein by reference. Drew further avers that PointCare did not adhere to the "timeline" applicable to it.

61. Drew denies the allegations contained in paragraph 61 of the Answer and Counterclaims, and avers that Drew frequently communicated with PointCare with respect to the HT device from March 2007 through November 2007.

62. Drew denies the allegations contained in paragraph 62 of the Answer and

Counterclaims, except admits that on November 9, 2007 PointCare sent Drew a purported notice of default.

63. Drew denies the allegations contained in paragraph 63 of the Answer and Counterclaims. Drew further avers that Defendant's consistent lack of cooperation with respect to the HT device is alleged in the Complaint and is incorporated herein by reference.

64. Drew denies the allegations contained in paragraph 64 of the Answer and Counterclaims, and avers that PointCare refused to accept delivery of the HT instrument from September forward. Drew further avers that Defendant's conduct with respect to delivery of the HT device is alleged in the Complaint and is incorporated herein by reference.

65. Drew denies the allegations contained in paragraph 65 of the Answer and Counterclaims, except admits that Peter Hansen communicated with Drew with respect to the HT instrument. Drew further avers that Drew had no obligation under the Agreement to provide PointCare with any test reports prior to PointCare fulfilling its responsibilities under the Agreement.

66. Drew denies the allegations contained in paragraph 66 of the Answer and Counterclaims. Drew further avers that Drew had no obligation under the Agreement to provide PointCare with any test reports prior to PointCare fulfilling its responsibilities under the Agreement.

67. Drew denies the allegations contained in paragraph 67 of the Answer and Counterclaims.

68. Drew denies the allegations contained in paragraph 68 of the Answer and Counterclaims.

69. Drew denies the allegations contained in paragraph 69 of the Answer and

Counterclaims, except admits that Drew's attorneys forwarded to PointCare's attorneys a report from Dr. Herbert Chow of Rubicon Consulting, which is an independent consulting firm. Drew further avers that most, if not all, of the "untested" items were to be tested by PointCare.

70. Drew denies the allegations contained in paragraph 70 of the Answer and Counterclaims, and avers that most, if not all, of the "untested" items were to be tested by PointCare.

71. Drew denies the allegations contained in paragraph 71 of the Answer and Counterclaims.

72. Drew denies the allegations contained in paragraph 72 of the Answer and Counterclaims, and avers that most, if not all, of the "untested" items were to be tested by PointCare.

73. Drew denies the allegations contained in paragraph 73 of the Answer and Counterclaims.

### AS TO DEFENDANT'S FIRST COUNTERCLAIM
### (BREACH OF CONTRACT)

74. With respect to paragraph 74, Drew repeats and realleges its responses to the allegations of paragraphs 1 through 73 of the Answer and Counterclaims as if fully set forth herein.

75. Drew denies the allegations contained in paragraph 75 of the Answer and Counterclaims.

76. Drew denies the allegations contained in paragraph 76 of the Answer and Counterclaims.

77. Drew denies the allegations contained in paragraph 77 of the Answer and Counterclaims.

### AS TO DEFENDANT'S SECOND COUNTERCLAIM
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

78. With respect to paragraph 78, Drew repeats and realleges its responses to the allegations of paragraphs 1 through 77 of the Answer and Counterclaims as if fully set forth herein.

79. Drew denies the allegations contained in paragraph 79 of the Answer and Counterclaims.

### AS TO DEFENDANT'S THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT)

80. Drew admits the allegations contained in paragraph 80 of the Answer and Counterclaims.

81. Drew admits that PointCare seeks the remedies sought in paragraph 81 of the Answer and Counterclaims, but denies the merits of any such claim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

82. Defendant's counterclaims fail, in whole or in part, to state claims upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

83. Defendant's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

84. Defendant's counterclaims are barred, in whole or in part, by Defendant's failure to mitigate any alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

85.     Defendant's counterclaims are barred, in whole or in part, by Defendant's prior breaches of the Agreement.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

86.     Defendant's counterclaims are barred, in whole or in part, by Defendant's failure to perform as required by the Agreement.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

87.     Defendant's counterclaims are barred, in whole or in part, by Defendant's conduct as alleged in the Complaint, which is incorporated herein by reference.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

88.     Defendant's counterclaims are barred or reduced, in whole or in part, to the extent that any recovery by Defendant on the counterclaims must be reduced and offset by amounts that Drew is owed by Defendant as a result of Defendant's conduct as alleged in the Complaint, which is incorporated herein by reference.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment dismissing the counterclaims of Defendant with prejudice and granting such other and further relief as the Court deems just and proper,

including but not limited to an award of attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
     April 7, 2008

                    DUANE MORRIS LLP

                    By:   /s Anthony J. Costantini
                          Anthony J. Costantini
                          John Dellaportas
                          Brian Damiano
                  1540 Broadway
                  New York, New York 10036
                  Telephone: (212) 692-1000
                  Facsimile: (212) 692-1020
                  *Attorneys for Plaintiff Drew Scientific, Inc.*

TO:       BURNS & LEVINSON LLP
            125 Summer Street
            Boston, Massachusetts 02110
            Telephone: (617) 345-3205
            Facsimile: (617) 345-3299
            *Attorneys for Defendant*